AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Sep 28, 2023
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
A Motorola G Pure cellphone, IMEI 357852527650769, )   Case No.   6:23-cm-00012
telephone no. 615-708-8600 and a Samsung cellphone, )
IMEI 359419301368378, telephone no. 256-444-5480 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

a black Motorola G Pure cellphone, IMEI 357852527650769, telephone no. 615-708-8600 and a black Samsung cellphone, IMEI 359419301368378, telephone no. 256-444-5480, further described in Attachment A.

located in the ____Western____ District of ____Arkansas____, there is now concealed *(identify the person or describe the property to be seized)*:

Described in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1); | - Possession with Intent to Distribute - Cocaine |

The application is based on these facts:

See attached Affidavit in Support of An Application for Search Warrant

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Joshua Laster (telephonically) BAB
*Applicant's signature*

SA JOSHUA LASTER, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: September 28, 2023

City and state: Texarkana, Arkansas

*Judge's signature*

United States Magistrate Judge Barry A. Bryant
*Printed name and title*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| IN RE: The search of a black Motorola G Pure cellphone, IMEI 357852527650769, with assigned telephone number 615-708-8600 and a black Samsung cellphone, IMEI 359419301368378, with assigned telephone number 256-444-5480 | Case No. |

**AFFIDAVIT IN SUPPORT OF
APPLICATION FOR SEARCH WARRANT**

I, Joshua Laster, being duly sworn, do hereby state the following:

I.   **INTRODUCTION**

1.   I am a Special Agent with the Drug Enforcement Administration (DEA) currently assigned to the Little Rock District Office, Arkansas. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. Your affiant's responsibilities as a federal law enforcement officer include the investigation of narcotics trafficking, violent crimes, money laundering, firearms offenses, and other related criminal offense. I have been a Special Agent with the DEA for approximately 10 years. During my employment with the DEA, I have received specialized training in the enforcement of federal drug laws and in connection with my official duties; I investigate criminal violations of the federal drug laws. I have been involved in all aspects of

1

federal narcotics investigations, including, among other things, debriefing defendants, witnesses, and informants; conducting surveillance and undercover operations; preparing affidavits and executing search warrants; analyzing documentary and physical evidence, and conducting complex Title III investigations. I am presently assigned to the Little Rock District Office (LRDO) with the DEA where my current responsibilities include investigating violations of 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Cocaine and other illicit drugs.

2. This affidavit is made in support of an Application for a Search Warrant for the following cellular telephones that were located in DANIEL MEDINA-MARTINEZ's (aka WALTER DANIEL LOPEZ-FELIPE) possession and seized by your affiant as evidence:

   a. A black Motorola G Pure cellphone, IMEI 357852527650769, telephone number 615-708-8600 (hereinafter referred to as "**Target Cellphone 1**") belonging to DANIEL MEDINA-MARTINEZ.

   b. A black Samsung cellphone, IMEI 359419301368378, telephone number 256-444-5480, (hereinafter referred to as "**Target Cellphone 2**"), belonging to DANIEL MEDINA-MARTINEZ.

## II. BASIS FOR FACTS CONTAINED IN THIS AFFIDAVIT

3. This Affidavit is based on facts that I have learned from my own personal knowledge and on information provided to me by other law enforcement officials. Since this Affidavit is for the limited purpose of establishing probable cause to support a search warrant, it contains only a summary of relevant facts. I have not included each and every fact known to me concerning the entities, individuals, and events described in this Affidavit.

4. Based upon my training and experience in drug trafficking investigations, I know that computer hardware, software, and stored electronic files are important to a criminal investigation in two distinct ways: (i) the objects themselves may be contraband, evidence, instrumentalities, or fruits of a crime, and/or (ii) the objects may be used as storage devices that contain contraband, evidence, instrumentalities, or fruits of crime in the form of electronic data. Rule 41 of the Federal Rules of Criminal Procedure permits the government to search for and seize computer hardware, software and electronic files that are evidence. In addition, I know that drug traffickers frequently utilize cellular telephones to facilitate the illicit acquisition/distribution/transportation of Methamphetamine, Heroin, Marijuana, Cocaine, Fentanyl, and other illegal substances. Furthermore, cellular telephones frequently contain names, text messages, voicemail messages, photographs, videos, and contact numbers for/or others involved in the illicit purchase/acquisition/distribution of illegal narcotics. Thus, cellular telephones may retain names, text messages, voice mail messages, photographs, videos, contact numbers for/of others involved in the distribution of illegal narcotics, contact lists, and call log information, until manually deleted or deleted according to the cellular phone's settings.

### III.   FACTS CONSTITUTING PROBABLE CAUSE

5. On August 3, 2023, Arkansas State Police (ASP) Trooper Dustin Arnold conducted a traffic stop of a white Chevrolet Suburban displaying Alabama registration 52ACUWN, for following too close to another vehicle and for having obstructions in the windshield at approximately the eastbound 80-mile marker of Interstate-30, in Clark County, Arkansas which is located in the Western District of Arkansas. ASP Trooper Arnold is assigned to the Interstate Criminal Patrol (ICP) of the Arkansas State Police and has conducted numerous interdiction traffic

stops resulting in the seizure of large quantities of narcotics and multiple felony arrests.

6. Trooper Arnold made contact with the driver, the sole occupant, who did not present a valid driver's license upon request. The driver presented a Guatemalan passport and Guatemalan consular card displaying the name Walter Daniel LOPEZ-FELIP (later identified as Daniel MEDINA-MARTINEZ and hereinafter "MEDINA") with a date of birth of October 22, 1989, displaying the address 1715 Carridale Street, SW, Apartment 46, Decatur, Alabama. During the encounter, MEDINA informed Trooper Arnold that he was traveling from Houston and returning to Decatur, Alabama to pick up his family to take on vacation. Trooper Arnold directed MEDINA out of his vehicle and continued asking MEDINA about his travels in his patrol car. MEDINA stated he traveled to Houston to purchase clothes for his company then ships the clothes to Guatemala. MEDINA informed Trooper Arnold that he was in Houston for two days then changed his story stating he traveled to Houston the day prior on August 2, 2023. It is my training and experience that Houston, Texas, is a major source city for various narcotics and I have seen through several investigations that independent drug traffickers commonly travel in passenger vehicles to Houston, Texas, to acquire shipments of narcotics and return to distribute the narcotics in their respective cities. Trooper Arnold asked MEDINA if he had any illegal contraband inside of his vehicle and MEDINA stated no. When asked about narcotics being in the vehicle, MEDINA responded quietly and would look back at his vehicle. Trooper Arnold asked MEDINA for consent to search his vehicle and MEDINA granted consent.

7. Trooper Arnold then conducted a search of MEDINA's vehicle and located three brick shaped bundles concealed in a natural void in the middle console under the dash. Believing the three bundles were narcotics, Trooper Arnold then placed MEDINA under arrest for trafficking

4

a controlled substance. A continued search of the vehicle revealed no additional narcotics. During the search of the vehicle, Trooper Arnold located various documents, receipts, and other papers inside the vehicle. A registration document showed the vehicle was registered to Irma VELASQUEZ-AGUILAR at 1715 Carridale Street, SW, Apartment 46, Decatur, AL. One document showed a business name of Alligator's Closet in Houston, Texas, showing the name "Daniel Lopez" and another document from Alligator's Closet showing a sale listing **Target Cellphone 2**. Another document from the business "Transportes Zuleta" showed packages were shipped by Daniela LOPEZ ZELAYA to Walter Daniel LOPEZ at 1715 Carridale Street, SW, Apartment 46, Decatur, AL with **Target Cellphone 2** listed as his telephone number. Wire transfer receipts from Walter LOPEZ-FELIPE and Irma VELASQUEZ AGUILAR showed money sent to recipients in Mexico and Guatemala. Trooper Arnold also located two cellular phones, a Motorola G Pure touchscreen **(Target Cellphone 1)** and a Samsung cellphone **(Target Cellphone 2)** inside the vehicle which were seized as evidence. MEDINA's vehicle was impounded and towed by Beene's Wrecker Service in Arkadelphia, AR and MEDINA was transported to the Clark County Sheriff's Office where he was processed.

8. Your affiant responded to the Clark County Sheriff's Offices and attempted to interview MEDINA. Your affiant made contact with MEDINA and MEDINA indicated that he spoke very little English, so your affiant presented a DEA-13a card, Advise of Rights in Spanish, to MEDINA for him to read. MEDINA indicated that he wanted to speak with a lawyer, so MEDINA was not interviewed. Your affiant acquired biographical information from MEDINA and MEDINA stated he has been in the United States for approximately two years. MEDINA stated the two cell phones located in his vehicle (**Target Cellphone 1** and **Target Cellphone 2**)

5

were his phones and denied consent to search the two cell phones. Trooper Arnold transferred custody of **Target Cellphone 1** and **Target Cellphone 2** to your affiant who later processed them as evidence and transferred them to the LRDO Non-Drug Evidence Custodian for safe keeping at the LRDO.

9. Your affiant and Trooper Arnold later cut into one of the brick shaped bundles and discovered a pressed white powdery substance consistent with powder cocaine. It is my training and experience that the way the packages were shaped and how the white powdery substance was pressed, I believed the substance in the bundles to be powder cocaine (Cocaine Hydrochloride). Trooper Arnold tested the white powdery substance with a TruNarc Analyzer which showed positive for Cocaine Hydrochloride. The three bundles of the suspected cocaine were weighed by 6th Drug Task Force Group Agent Brent Whitworth and determined it to be approximately 7.59 pounds (3.34 kilograms). The three bundles of suspected cocaine were transferred to 6th DTF Agent Brent Whitworth who later transferred them to the Arkansas State Crime lab where they are pending analysis.

10. While at the Clark County Sheriff's Office, Trooper Arnold fingerprinted MEDINA with a portable fingerprint scanner. Trooper Arnold received a return from Automated Fingerprint Identification System (AFIS) identifying MEDINA as Daniel MEDINA-MARTINEZ with a date of birth of July 7, 1994, and being born in Mexico. A criminal history check through NCIC showed Daniel MEDINA-MARTINEZ to have been deported multiple times in addition to past convictions of trafficking cocaine in Alabama. Trooper Arnold made contact with MEDINA again regarding the AFIS return and MEDINA stated his name was Daniel MEDINA-MARTINEZ and had been previously deported.

11.     A search of telephone numbers associated with **Target Cellphone 1** and **Target Cellphone 2** through DEA indices showed MEDINA was in contact with other individuals involved in suspected drug distribution in the Houston, Texas area and in Louisville, KY area. For example, the telephone number associated with **Target Cellphone 2** was in contact with an individual who was stopped by law enforcement in April 2023 in Fort Bend County, Texas (west of the Houston, Texas) that resulted in the seizure of approximately $19,000 in U.S. currency. Additionally, the telephone number associated with **Target Cellphone 1** was identified as a possible drug courier for a DTO in south Texas, transporting cocaine to customers of the DTO in the Louisville, KY area.

12.     Based on my professional and personal experience with cell phones, all cell phones generally retain all call logs, pictures, text message conversations, and other digital evidence internally in the cell phone's memory or on a removable storage such an SD card. I believe that such evidence is still retained on the **Target Cellphones** that will show MEDINA had knowledge of the drugs located in his vehicle during his traffic stop and arrest and I also believe there is evidence retained on the **Target Cellphones** that will help identify others involved in transfer and or sell of the cocaine located in MEDINA's vehicle.

13.     On or about September 19, 2023, a grand jury for the Western District of Arkansas returned a two (2) count Indictment charging MEDINA with a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II) (Possession with the Intent to Distribute of more than 500 grams of Cocaine), and a violation of Title 8, United States Code, Sections 1326(a)(2) and (b)(2). The style of that case is *United States of America vs. Daniel Medina-Martinez, aka Walter Daniel Lopez-Felipe,* Case No. 6:23CR60029-SOH.

14. Based upon the foregoing and upon my training and experience, I submit that there is probable cause to believe that the **Target Cellphones** contain fruits, instrumentalities, and evidence related to possible violations of Title 21, United States Code, Section 841(a)(1), Possession with Intent to Distribute Cocaine, as well as to the identification of individuals who are engaged in the commission of that crime and related crimes.

15. The **Target Cellphones** described herein are currently stored in evidence at the Drug Enforcement Administration (DEA) Little Rock District Office (LRDO) which is located in the Eastern District of Arkansas. This investigation was conducted concerning criminal acts occurring primarily with in the Western District of Arkansas and the subjects have been arrested on state charges in Clark County, Arkansas, within the Western District of Arkansas. It is the intention of the investigation Special Agents or members of the Hot Springs Police Department to conduct the search of the Target Phones, should this request be approved by the reviewing court, at the Hot Springs Police Department, which is located within the Western District of Arkansas.

I swear under penalty of perjury that the foregoing is true and correct.

FURTHER YOUR AFFIANT SAYETH NOT:

/s/ Joshua Laster (telephonically)
Joshua Laster,
DEA Special Agent
Little Rock District Office

SUBCRIBED AND SWORN to before me this 28th day of September, 2023

Honorable Barry A. Bryant
United States Magistrate Judge

8

Western District of Arkansas

9

## ATTACHMENT A

### Items to Be Searched

a. A black Motorola G Pure cellphone, IMEI 357852527650769, telephone number 615-708-8600 ("**Target Cellphone 1**") belonging to DANIEL MEDINA-MARTINEZ.

b. A black Samsung cellphone, IMEI 359419301368378, telephone number 256-444-5480, ("**Target Cellphone 2**"), belonging to DANIEL MEDINA-MARTINEZ.

## ATTACHMENT B

## Particular Things to be Seized

There is now being concealed certain property which is evidence of violations of Title 21, United States Code, Section 841(a)(1) – Possession with Intent to Distribute Cocaine. The items to be seized are as follows:

a. All internet browsing history, as well as telephonic, text, and electronic mail messages between co-conspirators, and other persons, known and unknown, regarding the unlawful acquisition, disposition, and/or transfer of controlled substances; information regarding the payment(s) for the controlled substances; or the acquisition, transfer, or concealment of assets, money, or proceeds by any means;

b. All bank records, wire transfer records, bank statements, financial records and notes, checks, credit card bills, account information, and other financial records;

c. Correspondence, notations, logs, receipts, journals, books, records, and other documents noting the price, quantity and/or times when controlled substances were obtained and/or transported, and/or sold;

d. Any and all address books, telephone records, telephone books, date books, calendars, payment records, and telephone bills and documents and other items reflecting names, addresses, and telephone numbers;

e. Records of off-site locations to store records or controlled substances, including safe deposit keys, records, receipts, and rental agreements for storage facilities;

f. Records of mail and communication services;

11

g. Mementos, including photographs and other historical keepsake items which document the association of co-conspirators, with each other and other suspected associates involved in the receipt and transport of controlled substances;

h. Text messages and other communications stored on the electronic device relating to the receipt and transportation or identification of co-conspirators;

i. Any information related to the sources of controlled substances (including names, addresses, phone numbers, or any other identifying information);

j. Evidence of user attribution showing who used or owned the **Target Cellphone 1** and **Target Cellphone 2** at the time the things described in this warrant were created, edited, deleted, such as logs, phonebooks, photographs, saved usernames and passwords, documents, spreadsheets, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form by whatever means they may have been created and/or stored.